JUDSON et al. v. HATCH et al.

(Supreme Court, Appellate Division, First Department. February 4, 1916.)

1. GIFTS �købⁿ49—STOCK CERTIFICATE—EVIDENCE.

In an action by the executors to recover a certificate of ·stock alleged to have been loaned to defendant by testatrix, evidence *held* to show a delivery of stock certificate by the testatrix, with an intention to give, and an acceptance by defendant, constituting a gift.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 95–100; Dec. Dig. ⊙═49.]

2. GIFTS ⊙═49—REQUISITE EVIDENCE.

A gift must be established by evidence that is clear and satisfactory.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 95–100; Dec. Dig. ⊙═49.]

3. GIFTS ⊙═23—DELIVERY—RETAINING POSSESSION.

After a gift is made complete by delivery of the thing given, it is not necessary that the donee retain possession; but he may redeliver the property to the donor as his agent without invalidating the gift.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 40; Dec. Dig. ⊙═23.]

4. GIFTS ⊙═47—LOAN OR GIFT—BURDEN OF PROOF.

Where plaintiffs' complaint alleged that a stock certificate delivered to defendant by their testatrix was a loan, and not a gift, the burden of proof. was on them to establish that the transaction constituted a loan, and was not on defendant to show that the transaction was a gift.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 81–86; Dec. Dig. ⊙═47.]

Clarke, P. J., and Laughlin, J., dissenting in part.

Appeal from Trial Term, New York County.

Action by Edward G. Judson and Emma L. Hayward, as executors of Rosalie Judson, deceased, against Walter C. Hatch, impleaded with

others. From a judgment for plaintiffs, defendant named appeals. Reversed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Harold E. Lippincott, of New York City, for appellant.
Chase Mellen, of New York City, for respondents.

McLAUGHLIN, J.　This action was brought to recover 10 shares of stock of the Singer Manufacturing Company, alleged to have been loaned by Rosalie Judson, plaintiffs' testatrix, to the appellant, Walter C. Hatch. The answer put in issue the material allegations of the complaint, and set up as an affirmative defense the statute of limitations.

[1] At the trial there was little dispute of fact—the question really turning upon inferences to be drawn from the conceded or undisputed facts. It there appeared that in December, 1903, Rosalie Judson became the owner of a certificate representing 10 shares of the Singer Manufacturing Company stock; that at that time Miss Judson lived with the appellant's father and mother, and continued to so live until she died, in June, 1913; that during the same time appellant was also a member of the household; that in January, 1904, she delivered the certificate in question to the appellant, and at or about the same time gave him a memorandum, which reads as follows:

"January 11, 1904.

"I have, of my own free will, let Walter C. Hatch have ten shares of Singer's Mfg. Co. stock.　　　　　　　　　　　　　　Rosalie Judson."

That at the time the certificate was delivered the appellant was a young man about to engage in the brokerage business with his brother; that he so informed his aunt, and asked her if she wanted to help him out, to which she responded by saying, "If ten shares of Singer stock would help," he "could have it;" that she shortly thereafter delivered the certificate indorsed in blank to him, and the appellant then stated to her that as long as he could he would keep the stock in her name, so that she could receive the dividends, to which she replied he could do as he saw fit about it; that she then or a short time thereafter handed him the memorandum above quoted, saying it was in reference to the stock she had given him, and he answered by saying it was unnecessary, as he considered her word sufficient; that immediately following the receipt of the certificate, the appellant pledged it as collateral security for the payment of a loan of $2,000, which remained unpaid at the time of her death, she in the meantime having received the dividends declared upon the stock; that shortly before her death, and while she was very ill, the appellant had the stock transferred and the new certificate substituted in place of the old one as collateral security.

The appellant was corroborated as to his aunt's giving him the stock by his father, mother, brother, and a trained nurse, who attended Miss Judson during her last illness. At the conclusion of the evidence, counsel for the appellant moved to dismiss the complaint, which was denied, and an exception taken, and the case sent to the jury, with

instructions that the burden was upon the appellant to prove that the delivery of the certificate "was a gift, instead of a loan," which was also excepted to by him. The jury rendered a verdict in favor of the plaintiffs, and from the judgment entered thereon, the appeal is taken.

I am of the opinion the verdict is against the evidence. The testimony of the appellant and his witnesses was not contradicted or impeached in any way, and there was nothing at the close of the evidence to sustain the claim of the plaintiffs that the transaction amounted, not to a gift, but to a loan, unless it be the form of the memorandum to which reference has been made, and that the dividends, during the life of Miss Judson, were paid to her. The form of the memorandum does not show that it was a loan, nor is such inference to be drawn from the words used; on the contrary, if any inference is to be drawn, it is that the transaction was a gift, and not a loan. Nor do I think the fact that the dividends were paid to her, under the circumstances, indicates that the delivery of the certificate was not intended as a gift of the stock. The most that can be claimed from the appellant's testimony is that the dividends were paid to her with his consent and acquiescence. Considering the relation existing between the parties—that they really constituted one family, living together in one household—it is not at all improbable that he, so long as he could carry the loan, preferred to have his aunt receive the dividends. Certainly this fact, standing alone, cannot be said to overcome the evidence tending to establish a valid gift inter vivos. This evidence shows an intent on the part of Miss Judson to give a certificate for ten shares of stock; it shows a delivery of such certificate, and an acceptance by the donee. Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531; Matter of Bolin, 136 N. Y. 177, 32 N. E. 626; Matter of Hendricks, 163 App. Div. 413, 148 N. Y. Supp. 511.

[2, 3] It is true, as contended by the respondents, that a gift must be established by evidence that is clear and satisfactory. Hemmerich v. Union Dime Savings Inst'n, 205 N. Y. 366, 98 N. E. 499, Ann. Cas. 1913E, 514; Matter of Van Alstyne, 207 N. Y. 298, 100 N. E. 802. After a gift is made complete by delivery of the thing given, it is not even necessary that the donee retain possession. He may redeliver the property to the donor as his agent. Gannon v. McGuire, 160 N. Y. 476, 55 N. E. 7, 73 Am. St. Rep. 694.

But I think this evidence is clear and satisfactory. It shows that there was a parting by the aunt with all present and future power and dominion over the stock. This was all that was required. Young v. Young, 80 N. Y. 431, 36 Am. Rep. 634; 20 Cyc. 1196.

I am of the opinion that the appellant's motion to dismiss the complaint should have been granted. The evidence did not justify a finding that the transaction constituted a loan; on the contrary, the only fair inference to be drawn from it was that it was a gift.

[4] I am also of the opinion that the court erred in its charge. The burden to establish a loan was upon the plaintiffs, and that burden was not shifted, notwithstanding the proof established a gift. To en-

title the plaintiffs to recover, they had to prove the loan. This they alleged in the complaint, and had to establish by proof at the trial. The exception to the charge that "the burden is on the defendant to prove that it was a gift instead of a loan" was well taken.

The judgment appealed from is therefore reversed, and the complaint dismissed, with costs.

SCOTT and PAGE, JJ., concur.

CLARKE, P. J. I concur in the reversal of this judgment upon the error in the charge pointed out by Mr. Justice McLAUGHLIN, but I think a question of fact is presented which requires submission to a jury. I therefore vote to reverse and grant a new trial, with costs to the appellant to abide the event.

LAUGHLIN, J., concurs.