BURKE *v.* BURKE.

1. GIFTS—MONEY HAD AND RECEIVED—BURDEN OF PROOF ON PLAINTIFFS—NOTICE OF GIFT.

In an action by daughters against the father for money had and received, the plea of the general issue put plaintiffs to the proof of establishing a promise to repay, and the burden did not rest upon defendant to show a gift, notwithstanding amendment of the plea at trial by notice claiming gift.

2. SAME—QUESTIONS FOR CONSIDERATION OF JURY.

Upon the question of the promise to repay, the jury had a right to take into consideration not only what the parties testified to, but also the relation of the parties, the interval of time without request to repay, and all the facts and circumstances under which the money was procured.

3. SAME—EVIDENCE—SUFFICIENCY.
   Evidence in support of defendant's claim of gift, *held*, sufficient to take the question to the jury.

4. SAME—NEW TRIAL—WEIGHT OF EVIDENCE.
   Verdict in favor of defendant, *held*, not against the weight of the evidence.

Error to Wayne; Snow (Ernest A.), J., presiding. Submitted October 26, 1921. (Docket No. 8.) Decided December 22, 1921.

Assumpsit by Florence M. Burke and another against Charles M. Burke for money had and received. Judgment for defendant. Plaintiffs bring error. Affirmed.

*Barbour, Field & Martin* (*Henry C. L. Forler*, of counsel), for appellants.

WIEST, J. Plaintiffs are the daughters of defendant and brought this action to recover $1,500 they claim they loaned their father in September, 1915. Defendant pleaded the general issue and at the trial was permitted to amend by notice that there was no contract or promise and the money was given him by the plaintiffs at the request of his mother, the grandmother of plaintiffs.

April 12, 1915, the mother of defendant deeded plaintiffs a parcel of real estate, and on September 7, 1915, the plaintiffs mortgaged the property for $1,500 and let their father have the money. Defendant was called as a witness by plaintiffs under the statute and testified that he got the $1,500, less expenses, and that he never borrowed it and it was given to him through his mother, and really belonged to his father's estate.

The questions present the right of the defendant to claim a gift under the general issue, the lack of

proof on the part of defendant to show a gift, upon whom rested the burden of proof, and refusal of the court to grant a new trial on the ground that the verdict was against the weight of the evidence.

The statutory plea of the general issue still serves a purpose and in assumpsit is a plea of nonassumpsit, and where no affirmative defense is claimed goes to the gist of the action.   The defense here was not an affirmative one requiring notice, for the plea of the general issue put plaintiffs to the proof of establishing a promise to repay and the burden did not rest upon the defendant to show a gift.

It is not every receipt of money that involves a promise to repay.   It is true that money may be received under circumstances implying a promise to repay it.   The action brought required plaintiffs to establish a promise, express or implied, on the part of defendant to repay and the burden still rested upon plaintiffs to make such showing, after defendant denied any such promise and made the defense that it was not to be repaid.   Upon the question of the promise to repay the jury had a right to take into consideration not only what the parties testified to but also the relation of the parties, the interval of time without request to repay, and all the facts and circumstances under which the money was procured  and given to the father, and whether it was an act to be accounted for on some ground of kindness more probable than that of a promise to repay.

The claim is made that the court was in error in the charge in stating to the jury the claim made by defendant on the ground that there was no evidence to support the same.   We have examined the charge complained of and the testimony and feel there was sufficient to justify the charge as given.   There was a question of fact involved and the court very properly left the same to the jury, and we are not able to say

that the verdict rendered was against the weight of the evidence.

An examination of the record discloses no reversible error, and the judgment is affirmed, with costs to defendant.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.