DETROIT TRUST CO. *v.* STRUGGLES.

1. Executors and Administrators—Ownership of Stock—Pledge for Nephew's Account With Broker—Prima Facie Case.

In executor's suit against deceased's nephew and broker with whom stock had been deposited to determine ownership of stock which deceased had indorsed in blank and permitted broker to use as security for nephew's margin account, to meet *prima facie* case established by plaintiff, defendants were required to go ahead with the proofs, but plaintiff's right to recover remained to be determined from all the proofs.

2. Same—Ownership of Stock—Pledges—Evidence.

In executor's suit against deceased's nephew and broker to whom stock had been pledged, which stock nephew claimed as a gift, evidence *held,* to show deceased retained ownership at all times subject to stipulated use for pledge purposes by nephew in dealings with broker.

Appeal from Wayne; Toms (Robert M.), J. Submitted April 11, 1939. (Docket No. 58, Calendar No. 40,463.) Decided July 6, 1939. Rehearing denied September 6, 1939.*

Bill by Detroit Trust Company, as executor of the estate of John L. Liggett, deceased, against Thorpe J. Struggles and E. A. Pierce & Company, a copartnership, to establish title to stock, for an accounting, an injunction, and other relief. Bill dismissed. Plaintiff appeals. Reversed.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff.

*John J. Sloan,* for defendant Struggles.

---

* Upon denial of rehearing the court authorized order to show cause why Struggles should not repay $1,875 dividends collected by him.—Reporter.

*Lewis & Watkins (Milton F. Mallender* and *William F. Fratcher,* of counsel), for defendant E. A. Pierce & Company.

Chandler, J. (*concurring*). Subsequent to the disposition of the prior appeal in this cause, reported in 283 Mich. 471, defendants filed separate answers to plaintiff's bill, the answer of defendant Struggles alleging that the stock in question had, prior to October 29, 1936, been delivered to him indorsed in blank by the deceased, and that on the date mentioned was in his possession and was by him delivered to the defendant, E. A. Pierce & Company. The answer further alleged that the transaction constituted a gift of the stock to him, rather than a loan, and alleged the circumstances surrounding the delivery of the certificates which were relied upon in support of the theory of gift.

The trial court found that a gift of the stock had been made by plaintiff's decedent and entered a decree dismissing the bill of complaint.

It appears to be undisputed that on October 29, 1936, deceased and defendant Struggles appeared at the office of E. A. Pierce & Company, at which time the certificates of stock in question were delivered to the latter, indorsed in blank by Liggett, and that simultaneously with said delivery, deceased executed an instrument, known in the trial court as exhibit "D", and referred to in 283 Mich. 471, as a letter. This document reads as follows:

"E. A. Pierce & Co.                    File JJM
                                        10/29/36
"Gentlemen:
"With respect to certificate No. 7905/9 representing 500 shares of Devoe & Raynolds A stock standing in my name and delivered to you through Mr. T. J. Struggles, I hereby authorize you to dispose of same

or the proceeds thereof and any income therefrom in any manner he may direct, including a credit therefor to his personal account with you, and I hereby approve and confirm any accounting respecting same made to the said T. J. Struggles and accept the same to your full discharge.

"Very truly yours,
"(Signed)    JOHN L. LIGGETT."

Defendants sought to prove by the testimony of one Thompson, an auditor for E. A. Pierce & Company, facts which, if true and competent testimony, tended to establish that the transaction was a gift rather than a loan. The testimony so offered was taken by the trial court subject to plaintiff's objection, the court later ruling said testimony to be barred by the provisions of 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914), but concluding, nevertheless, that the facts established a gift. The pertinent statute provides in part as follows:

"No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died, shall be a competent witness in any suit involving such contract, as to matters occurring prior to the death of such decedent, on behalf of the principal to such contract against the legal representatives or heirs of such decedent, unless he shall be called by such heirs or legal representatives."

Thompson testified that Liggett and Struggles, upon appearing at the office of E. A. Pierce & Company, asked for Mr. Hyslop, the office manager; that because of the absence of the manager, Struggles requested him to transact the business at hand; that Struggles removed the stock certificates from his pocket and said, "This is my uncle, Mr. John L. Liggett; he has just given me the stock;" and that Liggett said nothing when this statement was made by

Struggles. The witness then testified that he explained to Mr. Liggett that it would be necessary for him to sign exhibit "D" and that by so doing he was releasing all his rights, title and interest in and to said stock. The witness further explained that the exhibit was required in all instances in which stock was deposited with the brokerage house by some one other than the registered holder thereof, for the purpose, as explained by the witness, of indicating that the registered holder had parted with all his interest in the stock.

It further appears that at the time the stock was delivered, a discussion occurred between Struggles and Liggett as to whom should receive the dividends, and that it was agreed that they should be paid to Liggett. Apparently, to accomplish this result, instructions were given that the stock was to be left registered in the name of Liggett for the time being.

If Thompson acted as agent of E. A. Pierce & Company in the making or continuing of a contract with deceased, and if said contract is involved in this suit, his testimony, given in behalf of his principal against plaintiff, is barred by the statute cited.

Although Thompson testified that he was not a "customers man," and that he had no authority to open accounts for E. A. Pierce & Company, it appears that subsequent to the date of the transaction in question, and upon the return of manager Hyslop, the matter was explained to him in detail and the action taken by Thompson received his complete approval. It must be said, that assuming Thompson had no authority to act in the first instance, the transaction was subsequently ratified by his principal, and, he, therefore, became the agent of E. A. Pierce & Company in the making of a contract with decedent, if a contract is found to exist.

Defendants contend that a contract did not result and, moreover, that the instant suit sounds in tort, not in contract, and that therefore the testimony is not within the prohibition of the statute.

The suit need not be *upon* the contract to render the statute applicable. The enactment becomes operative ''in any suit *involving* such contract.'' If a contract was consummated, it clearly is *involved* in this suit. All parties agree that when the stock certificates were received by E. A. Pierce & Company, it was to be held by them as security for the margin account of Struggles. E. A. Pierce & Company, by acceptance of the stock accompanied by exhibit ''D'' impliedly, at least, agreed to dispose of the certificates, or the proceeds thereof, as directed by Struggles. The instrument also contains a ratification of any accounting which might be made with Struggles with reference to a sale of the stock, and a release from liability upon such an accounting being made. All the essentials of a valid contract are exhibited; namely, parties competent to contract, a proper subject matter, a legal consideration, mutuality of agreement, and mutuality of obligation. *Johnson* v. *Douglas,* 281 Mich. 247.

Thus we find an agent who acted in the making of a contract with a person now deceased offering testimony in behalf of his principal in a suit involving such contract. His testimony as to matters occurring prior to the death of Liggett is incompetent. The bar of the statute was not removed because of the fact that the witness was first called for cross-examination by plaintiff. According to the statute the witness is disqualified under the circumstances presented, ''unless he shall be called by such heirs or legal representatives.'' This phrase does not remove the disqualification from the witness because of the mere fact that he was first called as a witness

by plaintiff for cross-examination. Obviously, it was not intended by the enactment that the mere calling of the agent as a witness by the heirs or legal representatives of the deceased person should operate to remove the disqualification regardless of the nature of the testimony elicited thereby, as defendants contend. The statute contemplates a waiver when the agent is examined by the heirs or legal representatives on matters occurring prior to the death of the decedent pertaining to the making or continuing of the contract in question. Here, the witness was examined by plaintiff with regard to facts which in no sense can be said to concern the making or continuing of the contract.

With Thompson's testimony thus excluded, the question remains as to whether plaintiff established facts in support of its claim of title and right to possession of the stock. The bill of complaint alleges the stock to have been delivered as a loan thereof, and the burden of proof was upon plaintiff to establish a loan.

The competent testimony reveals Mr. Liggett to have been a man 65 years of age, possessed of a fortune of considerable size; that he was a generous individual who frequently made gifts to his various relatives, some of which, at least, were recorded by him in a book entitled "My Finances," but which contains no entry of a gift of the stock here involved to Struggles; and that Struggles was regarded as deceased's favorite nephew. The testimony further shows that prior to October 29, 1936, deceased became the owner of the shares of stock; that on said date they were delivered to E. A. Pierce & Company, indorsed in blank by the testator, and exhibit "D" was executed; that prior to Liggett's death the stock remained registered in his name and he received the dividends paid thereon; that subsequent to his death

the shares were transferred to the name of Struggles who thereafter received the dividends, which he paid over to E. A. Pierce & Company; and that the certificates are now in the hands of E. A. Pierce & Company, being held under claim of lien.

In our opinion the foregoing facts are sufficient to support plaintiff's allegations of a loan. The purpose of exhibit "D" must be ascertained from an examination of its language and not from the testimony of witness Thompson which has been excluded. It partakes of the nature of a power of attorney, authorizing E. A. Pierce & Company to act for Liggett with reference to the disposition of the stock or the proceeds thereof as instructed by Struggles. Rather than indicating that the same had been delivered to the broker with an intent to make a gift to Struggles, the instrument is only compatible with a theory that deceased still considered the stock as belonging to him but with power delegated to the broker to act with reference thereto. Had delivery been made with a donative intent, and with the thought of divesting himself with all dominion and control, no necessity for the execution of exhibit "D" by Liggett can be discerned. The indorsement of the certificates in blank would have been of itself sufficient to pass title. 2 Comp. Laws 1929, § 9520 (Stat. Ann. § 19.331). However, the indorsements in blank are not inconsistent with a loan, as disposition of the securities by E. A. Pierce & Company, if the occasion arose, would have been facilitated thereby.

We conclude, therefore, from an examination and consideration of all the competent evidence, that plaintiff sustained the burden of proof in support of its allegations that the transaction constituted a loan of the stock. Defendants' answers alleged a gift. Plaintiff having established at least a *prima facie* case, it was incumbent upon defendants to proceed

with the evidence in support of their theory of a gift *inter vivos* and establish the same by clear and convincing proof. This they failed to do.

Mr. Thompson's testimony having been excluded, the instant case, upon analysis, is clearly distinguishable from *Judson* v. *Hatch*, 171 App. Div. 246 (157 N. Y. Supp. 182), cited by defendants.

The remaining question relates to the lien claimed by E. A. Pierce & Company. This dispute arises as to when the pledge terminated and as to the amount of the lien, if any. The steps necessary to transfer legal title to E. A. Pierce & Company were consummated when the stock was delivered to them. They acquired the stock to be held as security, in addition to other assets, for sums owing from defendant Struggles. The lien extended generally to all securities deposited for this purpose, and continued until a demand for the return of the shares was made by plaintiff. As no demand was made until the filing of the bill of complaint herein, it follows that E. A. Pierce & Company has a lien on the stock to the amount of the indebtedness of Struggles to them as of the date the bill was filed.

The decree of the trial court is reversed, and one should be entered in accordance with this opinion, with costs to plaintiff.

POTTER and McALLISTER, JJ., concurred with CHANDLER, J.

WIEST, J. I concur in the result, without subscribing to the holding that, when the evidence, *prima facie*, showed ownership retained by the deceased, the burden shifted to defendant to establish a gift by clear and convincing proof. The burden in this case never shifted. To meet a *prima facie* case the opposite party was required to go ahead with the proofs, but the plaintiff's right to have recovery re-

mained to be determined from all the proofs. *Burke v. Burke*, 217 Mich. 195.

My conclusion from the proofs is that the deceased at all times retained ownership of the shares of stock, subject to stipulated use for pledge purposes by defendant Struggles in dealings with E. A. Pierce & Company.

BUTZEL, C. J., and BUSHNELL, SHARPE, and NORTH, JJ., concurred with WIEST, J.