## CHAPMAN *v.* ROMNEY.

1. JUDGMENT—PLEADING—SUMMARY JUDGMENT.

   All well-pleaded material allegations in the complaint are to be taken as true when a motion is made for summary judgment for failure to state a claim upon which relief can be granted (GCR 1963, 117.2[1]).

2. LIBEL AND SLANDER—CLASS SLANDER—INDIVIDUAL MEMBERS—ACTION.

   No individual of a defamed class may maintain an action for the publication which is without any special personal application.

3. SAME—CLASS SLANDER—INDIVIDUAL MEMBERS.

   It is not enough for the plaintiff in an action for defamation to plead that he is a member of the group allegedly defamed, particularly where the statement complained of specifically states that not all members of the group are included.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleadings § 335 *et seq.*
[2-4] 33 Am Jur, Libel and Slander § 192.
   Right of individual member of class or group referred to in a defamatory publication to maintain action for libel or slander. 70 ALR2d 1382.

4. SAME—CLASS SLANDER—SUMMARY JUDGMENT.

Summary judgment dismissing complaint for failure to state a claim upon which relief can be granted *held*, properly granted, in case where plaintiff alleged publication by defendant of a defamatory statement about a group, and his membership in that group, but where the statement did not identify plaintiff in any way and specifically stated that not all members of the group were included (GCR 1963, 117.2[1]).

Appeal from Oakland; Beer (William J.), J. Submitted Division 2 October 5, 1966, at Lansing. (Docket No. 1,810.) Decided February 14, 1967.

Complaint by E. Forrest Chapman against George Romney for slander. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Davidow & Davidow,* for plaintiff.

*Cross, Wrock, Miller, Vieson & Kelley* (*Bethel B. Kelley* and *Newman T. Guthrie,* of counsel), for defendant.

McGREGOR, J. Defendant-appellee George Romney[1] publicly made the following statement:

"Yes, I do, as a matter of fact, I think the party's future depends upon repudiating the John Birch Society as an organization and avoiding any possibility of the society developing influence within the Party. I think this is because from experience, I have found that the John Birch Society as an organization uses methods of infiltration and subversion and tactics that we associate with other secret organizations like the Communists. *And while there are members of the society that I am sure are not themselves responsible for such conduct,* this conduct on the part of the organization makes it essential, as far as I'm concerned, that the Republi-

---

[1] Governor of the State of Michigan.

can Party repudiate the John Birch Society as an organization." (Emphasis supplied.)

Appellant, a member of the organization known as the John Birch Society, filed his complaint, charging that the words uttered by the appellee meant and were understood to mean that the John Birch Society and members thereof, including the appellant, were guilty of subversion and tactics commonly resorted to by secret organizations such as the Communists, that the words complained of were spoken maliciously, and that the appellee knew the charges were untrue and slanderous of this appellant.

Appellant alleged that as a result of the statement made by the appellee, appellant's reputation had been put in question and seriously damaged. Appellant demanded a retraction and public apology in pursuance of the statute;[2] appellee failed to retract his statement or make apology to the appellant. Appellee filed no answer to appellant's complaint, but filed a motion for summary judgment,[3] claiming that the opposing party had failed to state a claim upon which relief could be granted, and based in part upon the following reason:

"1. The alleged slanderous statement set forth in the complaint was not said of or about the plaintiff herein."

The lower court granted the motion, holding that the pleadings of the appellant did not define a cause of action, and further, that identification of the appellant therewith was "entirely absent."

In a motion for summary judgment, it is axiomatic that all well-pleaded material allegations contained in a complaint are to be taken as true. We are restricted to a determination of the validity of the

2 CLS 1961, § 600.2911 (Stat Ann 1962 Rev § 27A.2911).
3 See GCR 1963, 117.2(1) Motion for summary judgment.

trial court's holding that in this action for slander, a summary judgment should be granted appellee on the ground that the complaint failed to state a claim upon which relief can be granted.

The appellee contends that the alleged slanderous statement set forth in the complaint was not said specifically of or about the appellant herein. The applicable law is stated at 53 CJS, Libel and Slander, § 11, p 55, as follows:

"Where a defamatory publication affects a class of persons without any special personal application, no individual of that class can maintain an action for the publication; and it has been held that, where defamatory statements are made against an aggregate body of persons, an individual member not specifically imputed or designated cannot maintain an action."

This rule is well established in Michigan. In *Watson v. Detroit Journal Co.* (1906), 143 Mich 430 (5 LRA [NS] 480, 8 Ann Cas 131), the plaintiffs, as copartners in a trading stamp concern, alleged that they had been personally libeled by defendant's reference in newspaper articles to trading stamp concerns as the "get-rich-quick industry" in the city of Detroit, and further referred to them as the "trading stamp fake" and "trading stamp bloodsuckers." Defendant demurred on the basis that (1) the articles did not refer particularly to the plaintiffs, (2) the declaration did not state facts sufficient to constitute a cause of action. The Michigan Supreme Court sustained the demurrer and stated its principal reasons:

"Trading stamp concerns are spoken of in the first article set out in the declaration of the plaintiff as 'the get-rich-quick-industry.' This refers to trading stamp concerns generally, and not to any particular trading stamp concern. In another article the business is spoken of as 'the trading stamp fake.'

This refers to the business generally, and not to any particular individual. In another article it is said: 'Mr. Hunt appreciates the damage done to business by the trading stamp bloodsuckers.' This refers in general terms to the men engaged in the business, and not to any particular person engaged therein. We then have in this case a class of persons in Detroit engaged in the conduct of trading stamp concerns. *A publication is made which does not refer to all of the persons engaged in that business in Detroit, but does refer generally to the trading stamp concerns of that city. We think the case stated will not sustain an action of libel."* (Emphasis supplied.)

Under Michigan law, it is not enough for the complainant merely to plead that he is a member of a group allegedly defamed, particularly where the alleged slanderous statement specifically states that not all members of the group are included.

Appellant urges that the law on slander and libel, as set forth in *Alumbaugh* v. *State* (1929), 40 Ga App 15 (148 SE 622), is applicable to the instant matter. In the Georgia case, the defendant was charged with publishing certain false statements concerning the Knights of Columbus, which false statements were applicable to each member. In the court's opinion (p 18), the court said:

"The gravamen of the offense was that the defendant maliciously published and circulated a false oath as the oath which was taken by the Knights of Columbus, and that this act defamed, and constituted a libel against, Mr. Walsh and others who were known in the community to be members of the Knights of Columbus."

This case is not applicable to the presently-pleaded allegations in that the alleged libel in the Georgia case was an all-inclusive statement, and did constitute libel against all members of the Knights of Columbus. Such are not the analogous facts as

alleged in appellant's complaint herein.  No other citation made by the appellant is determinative of the issues herein.

The granting of the appellee's motion for summary judgment is affirmed, with costs to the appellee.

QUINN, P. J., and N. J. KAUFMAN, J., concurred.