## BEZNOS *v.* NELSON.

1. **BROKERS—PERSISTENT SOLICITATION—BLOCK-BUSTING.**

    Fair neighborhood practices ordinance of Detroit is seemingly aimed at the elimination of the practice of "block-busting", and prohibits, among other things, the persistent solicitation by brokers of real estate for sale or listing for sale, after the real estate owner clearly requests that the solicitation cease (Detroit City Code, § 39–1–13.1 *et seq.*).

2. **JUDGMENT—SUMMARY JUDGMENT—ACTION.**

    Summary judgment of no cause of action need rest on but one valid legal theory and any error made on other theories is harmless error.

3. **LIBEL AND SLANDER—CLASS DEFAMATION—CAUSE OF ACTION.**

    Defamatory words used broadly in respect to a class or group do not give rise to a cause of action unless the words can be made to apply to a single member of that group or to every member of the group.

4. **SAME—INNUENDO—REAL ESTATE BROKER.**

    Communiqué from neighborhood residents' association containing statements attributed to an unnamed real estate broker which indicated he intended to harass the residents of a neighborhood and had "declared war" and also containing names of real estate brokers which had been presented with petitions for the cessation of solicitation, among which was plaintiff company, *held*, not so specifically aimed at any person as to result in a cause of action for libel by innuendo, if libelous at all.

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am Jur 2d, Brokers § 30 *et seq.*
[2] 24 Am Jur 2d, Dismissal etc. § 72 *et seq.*
[3, 4] 33 Am Jur, Libel and Slander § 192.
[5] 1 Am Jur 2d, Actions § 56.

5. Same—Moot Question.
   Decision that there was no actionable libel stated in complaint
   resulted in other questions presented becoming moot in appeal
   from summary judgment dismissing complaint for libel on
   several grounds.

Appeal from Wayne; Swainson (John B.), J. Submitted Division 1 June 6, 1967, at Detroit. (Docket No. 2,864.) Decided December 4, 1967.

Complaint by Harold Beznos, individually and doing business as Beznos Realty and Investment Company, and Norman Beznos against John A. Nelson and Bagley Community Council, Inc., a Michigan corporation, for libel. Summary judgment for defendants. Plaintiffs appeal. Affirmed.

*Kratchman & Kratchman,* for plaintiffs.

*I. Goodman Cohen,* for defendants.

McGregor, J. Faced with the perplexing problems associated with neighborhoods changing in racial or religious composition, the city of Detroit enacted the "fair neighborhood practices" ordinance. Detroit City Code § 39–1–13.1 *et seq.* The ordinance seems aimed principally at the elimination of a practice by real estate brokers which is often referred to as "block-busting." Among the prohibited acts under the ordinance is the persistent solicitation of real estate for sale or listing for sale, after the owner of the real estate clearly requests that the solicitation cease. Appellee Bagley Community Council undertook, in an organized fashion, to request various real estate concerns to desist. Accordingly, in mid- and late 1965, petitions were presented to several real estate concerns, including Beznos Realty, requesting the cessation of solicitations for

the sale or listing of real estate owned by the petition signers.

On January 27, 1966, the Bagley Community Council circulated a three-page communiqué, ostensibly to its members, although the communiqué was addressed to "Dear Neighbor," and contained a membership application form. The manner of distribution is unclear. This writing indicated that the president of the council was John A. Nelson, also an appellee in this suit. The text of the communiqué contained a news item or warning that an unnamed real estate broker was planning a large-scale real estate solicitation drive in the Bagley area. Statements were attributed to this unnamed real estate broker which indicated he intended to harass the residents of the Bagley area and had "declared war." A plea was incorporated in the writing which called for help in maintaining a "stable, integrated community" by reporting to the community council any solicitations by real estate dealers who had previously been presented with the petitions requesting the cessation of solicitations. Twenty real estate concerns were listed as having been presented with such petitions, of which Beznos Realty was one.

On the date of the publication of this allegedly defamatory communiqué, Sam Beznos was the owner and only real estate broker connected with Beznos Realty. Since that time, Sam Beznos has died and the realty company has been taken over by a former employee, named Beznos, related to the late Sam Beznos. The new operator and an employee of Beznos Realty, also named Beznos, brought suit in their own names, claiming libel by innuendo.

Appellees met this suit with several legal arguments: that there was no identifiable person libelled by the communiqué; that any action because of the mentioning of Beznos Realty could only be brought

by Sam Beznos or his personal representative; that the communiqué was circulated under a qualified privilege, as it was circulated within the purposes of a corporate entity; and that the communiqué was not libelous as a matter of law, as it was made in connection with the fair neighborhood practices ordinance.

These arguments presented were eminently successful in the lower court, as the trial court gave summary judgment of no cause of action, based on all the legal theories presented by the appellees.

A holding of no cause of action in this case needs but rest on one legal theory. If only one of the legal theories of the appellee is valid, then there is no cause of action, and any error made on the other theories would be but harmless error.

The first step in this case is to decide if, indeed, anybody was libelled. The disputed communiqué singled out only an unidentified "area broker" for the allegedly libelous statement. Nothing in the writing specifically stated that the unidentified area broker was 1 of the 20 realty companies which had been served previous notice to cease solicitation under the fair neighborhood practices ordinance. A fortiori there is nothing in the writing that referred to any specific member of the named realtors.

While this Court is unconvinced that the subject communiqué amounted to libel, if we assume arguendo that there was a libel, then there is still no cause of action in this case. It has been generally held that if defamatory words are used broadly in respect to a class or group, there is no cause of action unless the words can be made to apply to a single member of that group or to every member of the group. *Watson* v. *Detroit Journal Company* (1906), 143 Mich 430 (5 LRA NS 480, 8 Ann Cas 131); *Chapman* v. *Romney* (1967), 6 Mich App 36;

also see annotation, 70 ALR2d 1382 (1960); 3 Re-
statement, Torts, § 564 (1938). The communiqué
is not so specifically aimed at any person as to result
in a cause of action for libel.

Having decided that there was no actionable libel,
it is a moot question whether there were any legal
privileges in publishing the alleged libel, or any
other question dependent upon establishing libel.
This Court, therefore, need not answer the other
allegations of error, as any other error could not
change the results of our holding. *Britten* v. *Updyke*
(1959), 357 Mich 466; *Dunnan & Jeffrey, Inc.,* v.
*Gross Telecasting, Inc.* (1967), 7 Mich App 113; also
see 5 Am Jur 2d, Appeal and Error, § 760 at p 201.

The judgment of the lower court of no cause of
action is affirmed. Costs to appellee.

J. H. GILLIS, P. J., and THORBURN, J., concurred.