BIVANS CORPORATION *v.* COMMUNITY NATIONAL BANK OF PONTIAC

CONTRACTS—SALE OF GOODS—OBLIGATION OF BANK FINANCING PURCHASER.

No contract existed between plaintiff seller and defendant bank, and therefore, the bank was not liable for breach of contract by refusing to honor a sight draft, where plaintiff sold a machine to buyer who borrowed money from the bank to pay for it, the bank advised plaintiff it had made the loan and could disburse the funds on receipt of sight drafts and the buyer's order to pay, plaintiff sent a copy of the sale contract to the bank with a letter stating that it would serve as authorization for the bank to pay sight drafts when presented, but the buyer expressly ordered the bank not to honor the unpaid sight draft.

REFERENCE FOR POINTS IN HEADNOTE
17 Am Jur 2d, Contracts §§ 10, 31, 41, 44, 75, 85, 92.

Appeal from Oakland, Thorburn (James S.), J. Submitted Division 2 October 3, 1968, at Marquette. (Docket No. 4,730.)    Decided December 23, 1968. Leave to appeal denied June 10, 1969.    See 382 Mich 759.

Complaint by Bivans Corporation, a foreign corporation, against Community National Bank of Pontiac, Michigan, a national banking association, for breach of a contract to honor a bank draft. Defendant's motion for summary judgment granted. Plaintiff appeals. Affirmed.

*Kuhn & Scupholm,* for plaintiff.

*Hartman, Beier, Howlett & McConnell,* for defendant.

McGregor, J.    The present controversy involves a case terminated by the lower court's granting of defendant's motion for summary judgment. This appeal challenges the correctness of that ruling. On review of a motion for summary judgment by defendant, the Court views plaintiff's material allegations as true.[1]    However, defendant bank did not dispute the facts as alleged by plaintiff. Therefore, the two questions we must answer are whether plaintiff's complaint stated a claim on which relief can be granted, and whether the events which transpired raise a genuine issue of material fact. GCR 1963, 117.2(1) and (3).

Plaintiff agreed to sell a machine to Seal-O-Wax, Inc., but was reluctant to complete the sale solely on Seal-O-Wax's credit. As part of a loan to Seal-O-Wax, defendant bank retained a portion of the loan

---

[1] *Chapman* v. *Romney* (1967), 6 Mich App 36.

amount in order to honor plaintiff's sight drafts as payment for the machine. In a letter to plaintiff, dated August 27, 1965, defendant described the arrangement as follows:

"We have closed the loan to [Seal-O-Wax] * * * Part of the proceeds of the loan were earmarked to purchase a machine from you. We are holding undisbursed funds in the amount of $10,250 for this purpose. On receipt of your sight drafts *and upon order from Seal-O-Wax,* we *can* disburse these funds to you." (Emphasis supplied.)

Subsequently, plaintiff sent a copy of the contract of sale between itself and Seal-O-Wax to defendant bank. The accompanying letter included the following sentence:

"This will serve as your authority to pay sight drafts when * * * presented to you."

According to the contract of sale, payment was to be effected by the honoring of two sight drafts, the first for $5,000 and the second for the balance due, 30 days after the receipt of the machine. Defendant bank honored the first draft, but on instructions of Seal-O-Wax did not pay the second draft. Plaintiff's complaint theory approximated breach of contract, nevertheless, defendant's motion for summary judgment was granted. Plaintiff submitted this appeal.

Plaintiff's lower court brief answer to the motion for summary judgment adroitly transmogrified defendant's letter of August 27, 1965, *supra,* through successive terminology substitution, from an assurance of payment into a contract. As an impartial reader, this Court interprets the bank's letter to convey a message that money was being held which could be paid on order of Seal-O-Wax. However,

plaintiff's brief first referred to the letter as an assurance and guarantee of payment, then as a promise to pay, and finally, as a contract between plaintiff and defendant bank, which plaintiff fully performed by delivery of the machine and (by implication) defendant breached by non-payment.

This Court is unpersuaded by plaintiff's language manipulation. However, the appeal brief contains contract and estoppel arguments, and we will assay the applicable theories.

The only orthodox contract involved was between plaintiff and Seal-O-Wax; there simply was no contract between plaintiff and defendant bank. Consequently, any allegation of a breach of an express contract is inapposite. Similarly, plaintiff's reasoning that defendant bank breached a duty by not informing plaintiff of any disagreement with the terms of payment included in the contract copy sent to them is quite tenuous. Plaintiff could not impose a contract duty upon the defendant bank simply by sending a copy of the contract between plaintiff and Seal-O-Wax and claiming reliance on the bank's subsequent failure to respond.[2] This reasoning applies equally to the supposed authorization in the letter accompanying the contract copy. Defendant bank did not agree to such authorization, and acceptance cannot be imputed to it by the ensuing silence.

An estoppel theory is also inappropriate. An agreement when based on estoppel, inferred from silence, must include a change of position and reliance on the silence and an obligation or duty to speak out.[3] Plaintiff agreed to sell the machine to Seal-O-

---

[2] Restatement, Contracts, § 72; 17 Am Jur 2d, Contracts, § 47.

[3] See 28 Am Jur 2d, Estoppel and Waiver, § 53; 17 Am Jur 2d, Contracts, § 47; *Fleckenstein* v. *Citizens Mutual Automobile Insurance Company* (1950), 326 Mich 591.

Wax after defendant's letter describing the loan arrangement but before sending the contract copy and supposed authorization. Plaintiff did not rely on defendant's inferred acceptance of the contract payment terms and the accompanying letter, but rather upon the original letter indicating the precondition to payment of an order by Seal-O-Wax. There was no detrimental reliance or change of position on defendant's silence, and no duty on defendant to speak out after receipt of the contract copy and letter. Therefore, defendant is not estopped to deny any agreement to the contract payment terms or the letter of authorization. Defendant, either expressly or by implication, did not agree to honor the sight drafts in any way other than upon order of Seal-O-Wax. Seal-O-Wax did not order payment of the second draft, but instructed defendant not to pay. Thus, the precondition to payment never occurred and plaintiff cannot construct a detrimental reliance or estoppel theory on a conditional promise, especially when the condition did not take place. Plaintiff cannot recover on either a contract or an estoppel theory and, therefore, the complaint did not state a claim on which relief could be granted.

The appeal brief offers two genuine issues of fact: (1) whether there was an unconditional promise to pay by defendant-bank, and (2) whether the receipt of the contract copy from plaintiff constituted an order to pay by Seal-O-Wax. It is apparent from the record and reasonable men could not differ in concluding that defendant's letter indicated that it could honor the drafts on the condition that Seal-O-Wax did so order, and that the contract copy and letter sent by plaintiff was not an order to pay by Seal-O-Wax. Thus, any construed promise was not unconditional, and the condition—an order to pay by Seal-O-Wax- -did not occur. Any other conclusion

would be patently unreasonable. There are no genuine issues of fact.[4]

We find the lower court's ruling on defendant's motion for summary judgment correct. Affirmed. Costs to defendant.

T. G. KAVANAGH, P. J., and PHILIP C. ELLIOTT, J., concurred.

---

[4] *Dionne* v. *Pierson Contracting Co.* (1965), 2 Mich App 134.