# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 10, 2006

127669

JAMES O. GORE and BOBBIE N. GORE,
       Plaintiffs-Appellees,

v

FLAGSTAR BANK, FSB,
       Defendant-Appellant.

SC: 127669
COA: 248919
Oakland CC: 2001-034913-CK

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

_____/

On January 12, 2006, the Court heard oral argument on the application for leave to appeal the November 9, 2004 judgment of the Court of Appeals. On order of the Court, the application is again considered. In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REMAND this case to the Oakland Circuit Court for entry of a Judgment Notwithstanding the Verdict on behalf of defendant, for the reasons set forth in the May 14, 2003 opinion and order of the Oakland Circuit Court. MCR 7.302(G)(1).

TAYLOR, C.J., concurs and states as follows:

I concur in the majority's decision to reverse the Court of Appeals and to remand this case to the circuit court for entry of a judgment notwithstanding the verdict on behalf of defendant. Plaintiffs' promissory estoppel claim, even if it is not precluded by the existence of a contract, cannot provide these plaintiffs with a basis for recovery. In order to justify reliance and thus supply the predicate for an estoppel theory, a promise must be "actual, clear, and definite." *First Security Savings Bank v Aitken,* 226 Mich App 291, 312 (1997), overruled in part on other grounds *Smith v Globe Life Ins Co,* 460 Mich 446 (1999). Here there was no such promise. The letter from defendant stating that plaintiffs' loan application had been conditionally approved, upon which they base their promissory estoppel argument, expressly states that defendant's conditional approval was "[s]ubject to additional cond[itions]; loan may not be approvable." This statement alone prevents the letter from constituting an actual, clear, and definite promise sufficient to justify reliance. Furthermore, under Michigan law a "'plaintiff cannot construct a detrimental reliance or estoppel theory on a conditional promise, especially when the condition did not take place.'" *First Security, supra* at 316, quoting

*Bivans Corp v Community Nat'l Bank of Pontiac,* 15 Mich App 178, 182 (1968). It is undisputed that plaintiffs never satisfied some of the conditions upon which defendant made approval of their loan contingent. Accordingly, for these reasons, I concur in the majority's decision.

CAVANAGH, J., would deny leave to appeal.

WEAVER, J., would deny leave, dissents from the majority's order, and joins in Justice Kelly's dissent.

KELLY, J., dissents and states as follows:

I must dissent from the majority's decision in this case. I cannot agree that the trial court was correct in granting a judgment notwithstanding the verdict (JNOV), and I believe that the Court of Appeals judgment should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

Plaintiffs, James and Bobbie Gore, owned a bowling alley. They borrowed money, signing a promissory note and giving a first mortgage on the bowling alley to National Bank of Detroit (NBD). As additional collateral, they gave NBD a second mortgage on their farm. Plaintiffs later defaulted on the note, and NBD foreclosed on both mortgages.

At the sheriff's sale, NBD bought the farm property for $175,000. Knowing that the redemption period was to expire on March 31, 1999, plaintiffs sought financing from defendant, Flagstar Bank, to redeem the property.

James Gore met with defendant's loan officer. According to Gore, he informed the officer of the reasons plaintiffs needed the loan. Specifically, he told defendant's loan officer that the farm was in foreclosure, that it was a working farm, and that it consisted of approximately 53 acres. Not only did the loan officer fail to raise an objection to completing the loan after learning these facts, he expressly stated that they would not hinder the financing process.

The parties' discussion and preparation for the financing agreement spanned several weeks. Plaintiffs sent defendant numerous documents. Defendant's appraiser visited the farm to evaluate and appraise it. The appraisal specifically noted that the property was a farm and detailed the acreage of the property. As part of the process, plaintiffs agreed not to seek financing from any other lending institution.

One week before the redemption period expired, NBD agreed to an extension. NBD asked defendant to fax it a letter indicating that defendant had approved the loan to

plaintiffs. Defendant replied by sending an approval letter to NBD stating that plaintiffs' loan had been approved subject to conditions stated in the letter. On the basis of defendant's assurances, plaintiffs did not seek alternative financing and began selling other property to prepare for redeeming the farm.

Several months later and shortly before the extended redemption period expired, defendant decided that it would not make the loan. Plaintiffs mustered a last-minute effort to obtain alternative financing, but could not do so in the short time before the redemption period expired. As a result, they lost their farm.

Plaintiffs sued defendant, alleging, among other things, breach of contract, promissory estoppel, and fraud. At trial, defendant claimed that the property did not meet the conditions listed in its approval letter. Specifically, defendant claimed that the loan could not be approved because the farm was in foreclosure, was a working farm, and consisted of more than ten acres. The last two factors were not listed in the approval letter. Defendant claimed that they were encompassed by the statement in the letter that its approval was subject to additional conditions.

The jury ruled in favor of defendant on the breach of contract and fraud counts. But it ruled for plaintiffs on the promissory estoppel theory, awarding them $206,856 in damages.

In granting defendant's motion for JNOV, the trial court found that the jury's determinations indicated that a contract existed. The judge believed that the faxed approval letter constituted a contract. He ruled that, since a contract existed, it was error to allow the jury to consider promissory estoppel. The Court of Appeals disagreed and reversed the grant of JNOV.

NO CONTRACT EXISTED IN THIS CASE

I believe that the trial court erred in finding that a contract existed between the parties, precluding the promissory estoppel claim. First, the jury never found that a contract existed. It found merely that the faxed approval letter constituted a writing in satisfaction of the statute of frauds, MCL 566.132.

Moreover, its determination for defendant on plaintiffs' contract claim weighs against a conclusion that it even implied that a contract existed. A reviewing court must always strive to read jury verdicts consistently. If there is an interpretation that provides a logical explanation for the jury's findings, the verdict is not inconsistent. *Granger v Fruehauf Corp*, 429 Mich 1, 7 (1987). In this case, the trial court, and a majority of this Court, reads an inconsistency into the jury's verdict where none existed. This is contrary to all established practices in reviewing a jury's verdict.

The jury found not that a contract existed, but that plaintiffs' claims against defendant were "based upon a promise or commitment which is in writing and signed with an authorized signature by the Defendant." *Gore v Flagstar Bank, FSB,* unpublished opinion per curiam of the Court of Appeals, issued November 9, 2004 (Docket No. 248919), slip op at 3. Whereas this finding means the writing meets the requirements of the statute of frauds, it is insufficient to constitute a finding that there was a contract.

Secondly, there exists no legal rationale for finding a contract in this case. The faxed approval letter contains neither consideration nor a promise from plaintiffs. Therefore, it could not constitute a contract. Mutuality of obligation and mutuality of agreement are essential elements of a contract. *Detroit Trust Co v Struggles*, 289 Mich 595, 599 (1939). The approval letter was not signed by plaintiffs. The document did not reflect any form of consideration from plaintiffs. Instead, the faxed approval letter merely contained a promise from defendant. This one-sided document cannot constitute a contract. The trial court erred in relying on it when determining that a contract existed.

Even if we should accept defendant's view of the facts, which the jury rejected, defendant's approval letter could not possibly be construed as a contract. As discussed in more detail below, defendant admitted that it was impossible for plaintiffs to meet one of the letter's listed conditions for approval. Therefore, the letter, which defendant represents as an offer and acceptance was, under defendant's asserted facts, a denial. It is axiomatic that a document cannot constitute a contract when the only offer it makes it also withdraws.

IT WAS NOT ERROR TO SUBMIT PROMISSORY ESTOPPEL TO THE JURY

In presenting a case to a jury, a party need not choose between promissory estoppel and a contract claim. The party can state as many claims as he or she has, even if the claims are inconsistent. MCR 2.111(A)(2)(b). Michigan courts have applied this rule of law expressly to cases involving both contract and promissory estoppel claims. See *HJ Trucker & Assoc, Inc v Allied Chucker & Engineering Co*, 234 Mich App 550, 573-574 (1999).

The only exception to the rule arises when a court finds that an enforceable contract exists. Promissory estoppel does not apply if the performance that satisfies the detrimental reliance requirement of the promissory estoppel claim is the same performance that represents consideration for the written contract. *General Aviation, Inc v Cessna Aircraft Co*, 915 F2d 1038, 1042 (CA 6, 1990), quoting *General Aviation, Inc v Cessna Aircraft Co*, 703 F Supp 637, 647 n 10 (WD Mich, 1988). In essence, if there is an existing contract between the parties, one party is not given the proverbial second bite of the apple.

But this case does not present such a situation, and plaintiffs did not receive a second bite of the apple. No contract existed. Plaintiffs were not attempting to substitute detrimental reliance for established consideration. Hence, it was correct to submit the promissory estoppel theory to the jury, and the trial court erred in finding otherwise. Accordingly, the Court of Appeals properly reversed the JNOV and reinstated the jury's verdict.

## THE JURY PROPERLY FOUND PROMISSORY ESTOPPEL

The elements of promissory estoppel are: (1) a promise, (2) that the promisor should reasonably expect to induce action or forbearance on the part of the promisee, (3) that in fact induces such action or forbearance, and (4) injustice can be avoided only by performance of the promise. Restatement Contracts 2d, § 90, p 242. Promissory estoppel involves a threshold inquiry into the circumstances surrounding both the making of the promise and the reliance on the promise as a question of law. The existence and scope of the promise are questions of fact for the jury. Therefore, findings on the latter questions will not be set aside unless they are clearly erroneous. *State Bank of Standish v Curry*, 442 Mich 76, 84 (1993), quoting 4 Williston, Contracts (4th ed), § 8:5, pp 84-85, 102-103.

In this case, defendant made a promise that it would provide financing to plaintiffs. In repeated discussions with plaintiffs, defendant made clear that, to receive a loan from defendant, plaintiffs must forgo seeking other financing. Therefore, defendant reasonably knew that its promise would result in forbearance by plaintiffs. It is undisputed that defendant's actions actually induced such forbearance; plaintiffs did not seek financing from other institutions until after defendant withdrew its approval. Finally, plaintiffs lost their property because of defendant's failure to fulfill its promise. Thus, equity requires enforcement of the promise.

All of the elements of promissory estoppel were satisfied in this case, and the jury's finding that a promise existed was not clearly erroneous. Therefore, the jury's determination must be affirmed. The trial court erred in setting it aside. *State Bank of Standish*, 442 Mich 84.

Defendant contends that the promissory estoppel claim cannot stand because the promise it is based on is a conditional promise. To the contrary, the claim can stand. A promise may be conditional or performable at a future time and still be the basis of promissory estoppel if the condition is satisfied. Restatement Contracts 2d, § 91, p 250.[1]

---

[1] Several courts have adopted the restatement position on this topic. They generally hold that one can base a claim of promissory estoppel on a conditional promise if the condition is satisfied. See *Kemira, Inc v Williams Investigative & Security Services*, 215 Ga App

Again, the existence and scope of the promise are questions of fact. *State Bank of Standish*, 442 Mich 84. Therefore, whether unsatisfied conditions existed, what the conditions were, and whether plaintiffs satisfied them are questions of fact for the jury. In this case, the jury resolved them in plaintiffs' favor.

Defendant claimed that the following conditions were not met: (1) the property could not be a working farm; (2) the property could not be over ten acres; (3) and the NBD mortgage had to be current. When it issued its loan approval letter, defendant knew that plaintiffs could not satisfy any of these conditions, yet did not assert them as problems. Under the circumstances, it was completely reasonable for the jury to conclude that these "conditions" were nonexistent at the time of the promise.

Defendant's attorney admitted at oral argument that plaintiffs could never satisfy at least one of the conditions that defendant claims existed: plaintiffs could not change the fact that the property consisted of more than ten acres. The same is true with respect to both of the other alleged conditions. Plaintiffs never suggested to defendant that they would transform their working farm to a nonworking farm, and defendant never requested it. Moreover, the fact that the NBD loan was not current was plaintiffs' motivation in seeking financing, and this fact was well known to defendant when it approved the loan.

Essentially, defendant argues that plaintiffs should have read the approval letter as the opposite of what it is. They should have looked at it as a denial letter, because they could never meet the conditions contained in or inferred from it.

Such an argument is simply unreasonable. Given that the letter indicated that plaintiffs' loan was approved, plaintiffs reasonably believed that none of the facts known to defendant at the time of the approval precluded the loan. This is especially true with respect to facts that plaintiffs could not alter. It was not clearly erroneous for the jury to have found that plaintiffs had met all known conditions for defendant to make the loan.[2] Consequently, the trial court erred in granting a JNOV.

---

194, 199; 450 SE2d 427 (1994); *Advanced Marine Tech v Burnham Securities, Inc*, 16 F Supp 2d 375, 381-382 (SD NY, 1998); *Nelson v Elway*, 908 P2d 102, 110 (Colo, 1995).

[2] In fact, it could be argued that any other conclusion would lead to an absurd result.

## CONCLUSION

The trial court erred in concluding that a contract existed in this case. The jury made no such finding, and the faxed approval letter did not meet the requirements of a contract. Instead, the jury correctly found that all the elements of promissory estoppel had been met. Accordingly, it was error for the trial court to grant a JNOV for defendant. The Court of Appeals correctly reversed this determination. The judgment of the Court of Appeals should be affirmed.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 10, 2006

_Corbin R. Davis_
Clerk

d0307