DUNNAN & JEFFREY, INC. *v.* GROSS TELECASTING, INC.

1. Pleading—Sufficiency of Complaint—Cause of Action—Summary Judgment—Court Rules.

The sole consideration in passing upon a motion for summary judgment on the basis that a complaint fails to state a claim upon which relief can be granted is whether the allegations of the complaint, if proved, would entitle plaintiff to judgment, since such motion is directed solely to what plaintiff says he can prove rather than what he may or may not prove at trial, and a defendant is not entitled to a summary judgment where plaintiff's complaint states a good cause of action (GCR 1963, 117.2[1]).

---

References for Points in Headnotes

[1, 3] 41 Am Jur, Pleadings §§ 342, 343.
[2] 17 Am Jur 2d, Contracts § 89.
[4–6] 5 Am Jur 2d, Appeal and Error § 760.

2. CONTRACTS—CONSIDERATION—PROMISSORY ESTOPPEL.

A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does produce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

3. PLEADING — CONTRACTS — SUFFICIENCY OF COMPLAINT — SUMMARY JUDGMENT.

Summary judgment for defendant on the basis that plaintiff's complaint failed to state a claim upon which relief could be granted *held*, error, where plaintiff's complaint alleged an agreement by defendant, reliance thereon by plaintiff in obligating itself for advertising, and damages to plaintiff as a result of defendant's failure to perform (GCR 1963, 117.2[1]).

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

The Court of Appeals does not pass upon questions which, although properly raised on appeal, are not necessary to the decision of a case.

5. SAME—SUMMARY JUDGMENT—COURT RULES.

The Court of Appeals does not pass upon what a trial court is to consider in ruling on a motion for summary judgment, alleging that plaintiff's complaint fails to state a claim upon which relief can be granted, where such determination is not necessary to the decision of the court, although the entire rule applicable thereto controls (GCR 1963, 117.2[1]).

6. SAME—SUMMARY JUDGMENT—CONSTRUCTION OF COURT RULES.

The Court of Appeals does not adopt any construction of the court rule allowing summary judgment for failure of plaintiff's complaint to state a claim upon which relief can be granted where, although such court rule has been considered by the Supreme Court, there has been no controlling decision thereon, and interpretation thereof is not necessary to the decision of the Court of Appeals (GCR 1963, 117.2[1]).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2 March 2, 1967, at Lansing. (Docket No. 1,677.) Decided June 13, 1967. Leave to appeal denied August 17, 1967. See 379 Mich 775.

Complaint by Dunnan & Jeffrey, Inc., a New Jersey corporation, against Gross Telecasting, Inc., a Michigan corporation, for damages allegedly sus-

tained by plaintiff as a result of defendant's failure to perform a contract. Summary judgment for defendant. Plaintiff appeals. Reversed.

*Marx, Levi, Thill & Wiseman,* for plaintiff.

*Foster, Campbell, Lindemer & McGurrin (David C. Coey,* of counsel), for defendant.

QUINN, J. Plaintiff filed complaint seeking damages from defendant on a breach of contract theory. Defendant answered and denied the contract on the basis of no consideration and failure of consideration. Defendant also pleaded as affirmative defenses that there was no contract because there was no consideration and in the alternative, defendant's nonperformance was excused because of material breach by plaintiff or because the breach by plaintiff resulted in total failure of consideration. Plaintiff replied to the affirmative defenses and denied them. After plaintiff answered certain interrogatories and requests for admissions, defendant moved for summary judgment pursuant to GCR 1963, 117.2(1). In granting the motion, the trial judge found there was no consideration and hence no contract between plaintiff and defendant, and since this was true, plaintiff's rights were under prior contracts between defendant and Guild Films Company, Inc., and plaintiff's failure to perform thereunder entitled defendant to claim a breach which barred this action.

On appeal, the controlling question raised is whether plaintiff failed to state a claim upon which relief can be granted. Plaintiff also questions the propriety of the trial judge considering more than the pleadings in ruling on a motion for summary judgment under GCR 1963, 117.2(1).

August 12, 1959, Guild Films Company, Inc., and defendant entered into 2 contracts under which the latter agreed to furnish the former a total of 728 one-minute spots to be used within a 2-year period after October 1, 1959, for which the former agreed to furnish the latter 370 cartoons for unlimited use by defendant during the same 2-year period.

August 24, 1959, defendant received the following letter from plaintiff:

"Mr. Tom Jones
WJIM–TV
East Saginaw at Howard Street
Lansing, Michigan
*"Dear Tom:*

"This will confirm schedule of announcements that your station will telecast for the products of our client Lanolin Plus, Inc., as follows:

"A total of 728 Class 'C' one-minute spots to be run at the rate of a minimum of 7 spots per week and a maximum of 14 spots per week, commencing on or before October 1, 1959, and terminating when 728 Class 'C' one-minute spots have been telecast.

"Station acknowledges that the acquisition of these time spots by Dunnan & Jeffrey is on behalf of its client Lanolin Plus, Inc., and that all of said time spots shall be used on behalf of any and all of products of said Lanolin Plus, Inc., but Dunnan & Jeffrey reserves the right in the event for any reason that Lanolin Plus, Inc., does not utilize all of said time spots, to utilize, hold all or any balance thereof for the advertising of goods, products or services of other sponsors of equal caliber and qualifications.

"These spots are noncancellable by either party.
"In the event of possible delays in distribution, production of television commercials or other emergencies, agency has right to cancel schedule temporarily, in which case ending date will automatically adjust itself so that no spots will be lost due to expiration of contract.

"WJIM–TV has received full consideration for the use of the aforesaid spots and acknowledges Dunnan & Jeffrey's absolute right thereto.

"WJIM–TV will provide affidavits of performance at the end of each month showing exact times and products telecast.

"Please sign below where indicated to evidence your acceptance of and your agreement with the foregoing provisions. The signing hereof by the parties hereto, by their respective duly authorized corporate officers will constitute this instrument a binding agreement.

> Very truly yours,
> Dunnan & Jeffrey, Inc.
> Martin Himmel
> President

ACCEPTED & AGREED TO:
WJIM–TV
By.. .............(L.S.)"

This letter was signed in the space provided therefor by an official of defendant and returned to plaintiff. October 5, 1959, plaintiff entered into agreement with Lanolin Plus, Inc., whereby plaintiff agreed to furnish the latter time spots on defendant's telecasting service. October 31, 1960, defendant advised plaintiff that since the cartoons furnished by Guild Films Company, Inc., were removed from use by defendant May 1, 1960, and other cartoons had not been furnished, further time spots were canceled. 374 time spots were then unused.

In its complaint, plaintiff referred to the letter of August 24, 1959, as an agreement, and pleaded that in reliance thereon it obligated itself for advertising to Lanolin Plus, Inc., and that plaintiff was damaged to the value of the unused time spots when the latter were canceled. In its answer, defendant neither admitted nor denied the foregoing allegation of reliance.

We are not here concerned with what plaintiff may or may not prove at trial but rather what it says it will prove. If plaintiff's complaint contains allegations which, if proved, state a claim on which relief can be granted, defendant was not entitled to summary judgment. On the basis of the facts and plaintiff's complaint, we do not believe the problem is soluble on such classic theories of contract law as failure of consideration and mutuality of obligation. Rather we conceive plaintiff's theory to be that by signing the acceptance of the terms of the letter of August 24, 1959, defendant promised to abide by the terms of such letter; that plaintiff substantially relied on such promise and that it was foreseeable by defendant that plaintiff would so rely. If this theory has legal support, it states a claim on which relief can be granted.

The above theory has legal support. 1 Restatement, Contracts, § 90, states:

"A promise which the promisor should reasonably expect to induce action or forebearance of a definite and substantial character on the part of the promisee and which does induce such action or forebearance is binding if injustice can be avoided only by enforcement of the promise."

Michigan has adopted this as applicable law. *Young* v. *Wallace* (1950), 327 Mich 395. We conclude plaintiff stated a claim on which relief can be granted.

Having reached this conclusion, we decline to pass on what a trial court is to consider in ruling on a motion for summary judgment under GCR 1963, 117.2(1) beyond stating that entire Rule 117 controls. Since there is no controlling language in *Durant* v. *Stahlin* (1965), 375 Mich 628, we decline to adopt either opinion as a controlling decision on the proper interpretation of GCR 1963, 117.2(1)

Reversed and remanded for trial. Plaintiff may recover its costs.

T. G. KAVANAGH, P. J., and McGREGOR, J., concurred.