## HAGGERTY *v.* MACGREGOR.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

An issue raised for the first time on appeal is not discussed by the Court of Appeals, since the issue was not before the trial court.

2. BILLS AND NOTES—PAYMENT—RENEWAL.

Giving of a renewal note is not ordinarily regarded as payment of a pre-existing note or obligation.

3. PAYMENT—BILLS AND NOTES—INTENT—EVIDENCE.

A note should be regarded as payment of a debt when it appears that it was the intention of the parties that the note be payment, and such intent may be proved by acts and conduct of the parties as well as by direct proof of an express promise.

———————

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 566.
[2–4] 11 Am Jur 2d, Bills and Notes §§ 176–178, 915, 917, 918.
Acceptance of renewal note made or indorsed by personal representative of obligor in original paper as payment or novation of that paper. 12 ALR 1546.
Parol-evidence rule: evidence of agreements as to manner or medium of payment of bill or note, or as to credit, set-off, or counterclaim with respect to the same. 71 ALR 548.
Construction and effect of provision in note for "renewal until paid," and the like. 35 ALR2d 1090.

4. BILLS AND NOTES—RENEWAL NOTE—PAYMENT—OBLIGATION.

    Finding of trial court that plaintiff intended to accept note of a former partner of defendant in substitution for the joint note of that partner and defendant *held*, not clearly erroneous, where the evidence showed plaintiff was notified that the defendant and the former partner had terminated their business relationship, plaintiff was informed that the former partner assumed all business obligations and said the arrangement was all right with him, the renewal note was given while defendant was out of the State and in financial difficulties which led to bankruptcy, and the former partner testified the debt was his responsibility.

Appeal from Wayne; Dingeman (Harry J., Jr.), J. Submitted Division 1 June 5, 1967, at Detroit. (Docket No. 2,465.) Decided March 21, 1968.

Declaration by James J. Haggerty against Norman R. MacGregor to recover on a promissory note. Judgment of no cause of action. Plaintiff appeals. Affirmed.

*Balfour D. Peisner,* for plaintiff.

*Matheny, Schureman & Frakes,* for defendant.

J. H. GILLIS, P. J. Plaintiff James J. Haggerty sued defendant Norman R. MacGregor on a promissory note executed in October, 1950. After a non-jury trial, the circuit judge made written findings and on July 1, 1966, entered a judgment of no cause of action. This appeal is taken from that judgment.

In 1950, defendant and Leo Bonnie proposed to open and operate an automobile dealership in Lake City, Michigan. Bonnie approached plaintiff for the purpose of securing needed capital. In return for a loan of $8,000 Bonnie and the defendant jointly executed a two-year note in favor of plaintiff which formed the basis of this suit. The business venture

encountered financial difficulties and in 1952 Bonnie purchased defendant's interest and recorded a bulk sale affidavit. Bonnie agreed to assume all the business debts.

Shortly thereafter, defendant moved to California and after a series of business reverses in that State he was adjudicated a bankrupt and received a discharge in October 1954. The 1950 note to Haggerty was not listed in the schedule of indebtedness filed in conjunction with the bankruptcy proceedings.

Defendant returned to Michigan, and for substantial periods between 1954 and 1962 was outside the United States on business for his employer, Ford Motor Company. The evidence discloses that during this period Haggerty knew of MacGregor's whereabouts and occasionally encountered MacGregor but at no time was reference made to the note.

Bonnie signed a note for $9,440 dated April 22, 1954 (Thursday), payable to plaintiff, which represented the original 1950 note plus the interest accrued to the date of the 1954 note. Bonnie made no payments on the original loan until the same week that the 1954 note was executed. Plaintiff did not surrender the original note. After periodic payments had been made by Bonnie, plaintiff stamped the 1954 note "paid in full" and wrote across the face of the note "Settled in full as far as Bonnie is concerned for $4,000." On July 31, 1959, plaintiff executed a formal release witnessed by two persons releasing Bonnie, his heirs, et cetera, from all claims whatsoever that might have accrued up to the date of execution. The present action was commenced in 1962.

The trial judge found on a question of fact that the 1954 note "completely replaced the 1950 note; and that the plaintiff accepted Bonnie and the new note in the place and stead of the original instrument and makers."

Plaintiff contends on appeal that the 1954 note is void and of no effect because, while dated on a Thursday, it was actually executed on a Sunday. This issue, however, was not presented for determination by the trial court and this Court has repeatedly refused to consider issues not raised at trial. *Baker Contractor, Inc.* v. *Chris Nelsen & Son, Inc.* (1965), 1 Mich App 450; *Poss* v. *Rossen-Poss Agency, Inc.* (1966), 3 Mich App 726; *House* v. *Gibbs* (1966), 4 Mich App 519.

The issue we do decide is whether the evidence supports the trial court's finding that plaintiff intended to accept Bonnie's note in substitution for the joint note of Bonnie and defendant.

Generally, acceptance of a renewal note is not regarded as payment of a pre-existing note or obligation. *In re Dunneback's Estate* (1942) 302 Mich 73. However, the renewal note will be held to constitute payment where such was the intention of the parties. As stated in *Chase* v. *Gregory* (1935), 274 Mich 32, 37:

" 'A bill or note should be regarded as payment whenever it appears such was the intention of the parties, and "that such was the understanding of the parties may be proved by circumstances, such as the acts and conduct of the parties, as well as by direct proof of an express promise or agreement." 2 Parsons on Contracts, 624; *Hotchin* v. *Secor,* 8 Mich 494; *Sage* v. *Walker,* 12 Mich 425; *Brown* v. *Dunckel,* 46 Mich 29.' *Riverside Iron Works* v. *Hall,* 64 Mich 165, 168."

See, also, 6 Corbin on Contracts, § 1293, p 185.

In the present case, plaintiff was notified in May, 1952, that defendant and Bonnie had terminated their business relationship. Plaintiff was also informed at that time that Bonnie had assumed all the business obligations after the sale and that

Bonnie had "full responsibility" for the debt in question. Plaintiff thereupon assured defendant that this arrangement was "quite all right" with him, according to defendant; plaintiff on the other hand testified that he told defendant that he was still holding him responsible. This presented the trial judge with a disputed question of fact for his determination. Bonnie gave the renewal note almost two years later. At the time the renewal note was signed defendant was in California, in financial straits which culminated in a discharge in bankruptcy 6 months later. The original 1950 loan was evidenced by a check made out to Bonnie alone. Bonnie testified that subsequent to defendant's leaving the business he had a conversation with plaintiff, reflected by the following testimony:

"*Q.* Did you ever tell that to Mr. Haggerty?

"*A.* [*Bonnie*] Well, Haggerty told me at one time that it is my responsibility and that it was up to me to get whatever money I can out of MacGregor, not him.

"*Q.* By 'my responsibility,' do you mean you, Leo Bonnie; your responsibility to pay him?

"*A.* Right. And also it was up to me to get any money I could out of Norm MacGregor."

There was a substantial basis, under the facts of this case, for the trial judge to conclude that plaintiff's objectively manifested intent was to accept the 1954 note in payment of the 1950 note. We therefore cannot say that the finding that defendant was discharged was clearly erroneous (GCR 1963, 517.1).

Affirmed. Costs to appellee.

McGREGOR and THORBURN, JJ., concurred.