### HILEMAN v. INDREICA

1. WITNESSES—IMPEACHMENT OF OWN WITNESS.

   A party may not impeach his own witness by cross-examination and by attempting to show prior contradictory statements.

2. SAME—REFRESHING RECOLLECTION—PRIOR INCONSISTENT STATEMENTS.

   A party may, under proper circumstances, question his own witness as to prior inconsistent statements of a material fact made by the witness for the purpose of refreshing his recollection and inducing him to correct his testimony, even though this may tend to impeach or discredit the witness.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Witnesses § 798 et seq.
[2]  58 Am Jur, Witnesses § 578.
[3]  30 Am Jur, Intoxicating Liquors § 529 et seq.
[4]  30 Am Jur, Intoxicating Liquors § 21.
[5]  5 Am Jur 2d, Appeal and Error § 545.
[6]  58 Am Jur, Witnesses § 710.

3. INTOXICATING LIQUORS—DRAMSHOP ACT—ELEMENTS OF CAUSE OF ACTION—BURDEN OF PERSUASION.

A plaintiff, in order to recover damages from a tavern owner under the dramshop act, must prove that the tavern owner sold intoxicants to an already intoxicated person, that this sale contributed to continued intoxication, and that the intoxication was a contributing cause of plaintiff's injury (CLS 1961, § 436-.22).

4. SAME—WORDS AND PHRASES—INTOXICATED—UNDER INFLUENCE OF INTOXICANTS.

Reference in dramshop act to "intoxicated" person means a person under the influence of intoxicants (CLS 1961, § 436.22).

5. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW.

The Court of Appeals does not consider questions presented on appeal if those questions were not presented to the trial court.

6. WITNESSES—EXAMINATION—IMPEACHMENT—USE OF DEPOSITION— EMPLOYEE OF DEFENDANT—COURT RULES.

Deposition of a witness who had been previously employed part time over a 10-day period by defendants cannot be used to impeach her testimony at trial under court rule that allows use of prior depositions to question the testimony of witnesses who are employees of parties to the action (GCR 1963, 302.4 [2]).

Appeal from Oakland, Adams (Clark J.), J. Submitted Division 2 March 6, 1968, at Detroit. (Docket No. 3,269.) Decided January 31, 1969. Rehearing denied March 20, 1969. Leave to appeal granted December 10, 1969. See 383 Mich.

Complaint by Dorothy H. Hileman, for herself and as guardian of George Gordon Hileman, Jr., and Richard D. Hileman, minors, against Romulus Indreica and Augustin Vincent, and Buckeye Union Casualty Company, a foreign corporation, for a violation of the dramshop act which resulted in the wrongful death of plaintiff's husband. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Welday, Goldstone & Boila (Mitchell L. Bacow,* of counsel), for plaintiff.

*Metry, Metry, Sanom, Ashare & Goldman (Thomas C. Schrader,* of counsel), for defendants on appeal.

Andrews, J. Plaintiff appeals from an adverse verdict and judgment rendered in a dramshop[1] case, arising out of the death of her husband on January 31, 1964 when the automobile he was driving left the road and struck a tree.

The single issue on appeal is whether the trial judge committed reversible error in denying plaintiff's motion to use the pretrial deposition of a witness, who was a passenger in the automobile, in examining the witness called by plaintiff and to make a separate record for appellate review.

Plaintiff claims that because there were inconsistencies in the witness' testimony at trial and in the deposition, she had a right to use the deposition in examining the witness for these reasons: (a) that she was taken by surprise by the witness' testimony at the trial and under the authority of *Higdon* v. *Kelley* (1954), 339 Mich 209, she was entitled to use the deposition for the purpose of refreshing the witness' recollection and of inducing the witness to correct her testimony, and (b) that the witness was a part-time employee of defendants and, therefore, she had a right to use the deposition under GCR 1963, 302.4(2). She further claims that under GCR 1963, 604 she was entitled to make a separate record for appellate review. Defendants contend that plaintiff did not state to the trial judge that she sought to use the deposition to refresh the recollection of the witness and to induce her to correct her

---

[1] CLS 1961, § 436.22 (Stat Ann 1968 Cum Supp § 18.993).

testimony, but rather sought to have the trial judge declare the witness hostile in order to impeach her testimony. Defendants further claim that, in any case, it is discretionary with the trial judge whether to permit a party to examine his own witness by the use of prior inconsistent statements, and plaintiff has failed to show an abuse of discretion by the trial judge.

We agree that on the record before us plaintiff did not clearly indicate to the trial judge that she sought to use the deposition for the reasons she now asserts on appeal. The trial judge denied her motion to use the deposition in examining the witness upon the ground, asserted by defendants, that plaintiff could not impeach her own witness, that the witness was not hostile, that GCR 1963, 302.4 is subject to the rules of evidence, and that there was no material difference between the witness' testimony on the trial and in the deposition.

The rules of evidence prohibit a party from impeaching his own witness by cross-examination and by attempting to show prior contradictory statements. *Thelen* v. *Health & Accident Ass'n* (1942), 304 Mich 17; *Farthing* v. *Hepinstall* (1928), 243 Mich 380.

"* * * This rule is based on the theory that when a party produces a witness he vouches for his veracity; that he cannot hold him out as worthy of belief when his testimony is favorable and impeach his credibility when his testimony is adverse. * * *" *State* v. *Duffy* (1938), 134 Ohio St 16 (15 NE2d 535, 538).

However, under proper circumstances a party may question his own witness as to prior inconsistent statements of a material fact admittedly made by the witness, for the purpose of refreshing

his recollection and inducing him to correct his testimony, even though it tends to discredit or impeach the witness. *Higdon* v. *Kelley, supra.* As the court said in *State* v. *Duffy, supra:*

"* * * [W]hen the party is taken by surprise by the adverse testimony of the witness as to a material fact, he must proceed on the assumption that the witness is either forgetful or hostile, but not that his testimony is false. Proceeding on that assumption, the party may attempt to refresh the recollection of the witness and to probe his conscience by asking him whether he had not, on a previous named occasion, made a statement, reciting facts materially different from those to which he testified. In such case, it is competent to read to the witness all or portions of his prior inconsistent statement, as a means by which to quicken his memory and thereby to induce him to speak the truth. If the fact of such interrogation is incidentally to impeach his credibility, the inquiry is not on that account to be excluded." (pp 538, 539.)

We agree with the trial judge that the witness had not recited facts in the deposition materially different from those stated at trial.

Plaintiff attaches much significance to a statement in the deposition that plaintiff's husband bought a round of drinks for the 10 or 12 customers in the defendants' tavern, who sent back "one drink right after another", and that the husband was intoxicated; at trial the witness stated that two or three drinks were sent back and that the husband was under the influence of intoxicants.

Plaintiff seems to infer that in the deposition the witness was saying that the husband consumed 10 or 12 drinks, while on the trial she was saying that he consumed only two or three drinks. The record does not support such an inference. At trial the witness stated that plaintiff's husband was in the

tavern for two and one-half hours where he consumed five or six drinks of Cutty Sark scotch whiskey and Budweiser beer. In her deposition the witness stated that the husband was in the tavern for two and one-half hours where he drank several drinks of Cutty Sark scotch whiskey and Budweiser beer, but she did not state the number of drinks he consumed.

Plaintiff, in order to prevail, had the burden of proving that her husband was an intoxicated person to whom the defendants sold intoxicants, as a result of which selling he remained intoxicated, and that such intoxication was the cause, or contributing cause, of the injury.[2] We note that the dramshop act uses the terms "intoxicated" and "intoxication", but these terms mean the same as the phrase "under the influence of intoxicants".[3] We would have no hesitancy in holding that the testimony of the witness at the trial would support a jury finding that plaintiff's husband was an intoxicated person to whom defendants sold intoxicants. The fact that the verdict was adverse to plaintiff does not mean that the jury believed otherwise. The defense offered testimony that there was a wooden pallet in the roadway which a witness said, without objection, "could have caused the accident".

The Supreme Court of Minnesota considered the problem before us in *Skinner* v. *Neubauer* (1956), 246 Minn 291 (74 NW2d 656). There plaintiff was struck by a taxicab at an intersection. He took two depositions of a passenger in the cab. The witness stated that the cab was half a block from the intersection when he first saw the plaintiff. At trial the witness was called by plaintiff and testified that

---

[2] *Long* v. *Dudewicz* (1959), 355 Mich 469.
[3] *Kroske* v. *Aetna Life Ins. Co.* (1940), 234 Wis 394 (291 NW 384); *Sexton* v. *State* (1940), 29 Ala App 336 (196 So 742).

the distance was 50 feet rather than as previously stated. Counsel claimed surprise and sought to cross-examine the witness because of the variance. The trial judge ruled that the witness was not hostile and refused to allow counsel to ask leading questions or to impeach the witness. In affirming a judgment for defendant, the court noted that under Minnesota law a party may examine his own witness under circumstances approved in *Higdon* v. *Kelley, supra,* but held that plaintiff was not prejudiced by the discrepancy in the testimony to such an extent as to necessitate a new trial.

For the reasons heretofore stated, we reach the same conclusion.[4]

In her brief on appeal plaintiff contends that under GCR 1963, 302.4(2), 302.4(3)[6], and 507.4 she had a right to use the deposition to impeach the witness.

Plaintiff's contentions under GCR 1963, 302.4(3) [6] and 507.4 were not raised at trial. We do not consider issues presented for the first time on appeal. *Haggerty* v. *MacGregor* (1968), 9 Mich App 671.

GCR 1963, 302.4(2) applies to depositions of persons who were employees of a party at the time of the incident giving rise to the litigation or at the time the depositions are taken.

When plaintiff called the witness to testify, the record then before the trial judge showed that the witness had been a part-time employee of defendants over a period of approximately 10 days in the spring and summer of 1963, and that when the deposition was taken on October 28, 1965 the witness was unable to work because of injuries sustained in the accident. Thus, no factual basis was shown for

---

4 *Cf.* GCR 1963, 529.1.

using the deposition under GCR 1963, 302.4(2). Plaintiff now relies on the testimony of a defense witness to show that the witness in question was working part time for defendants at the time of the accident. Assuming such testimony could be so construed, it was not before the trial judge when plaintiff sought to use the deposition. Plaintiff did not seek to recall the witness and to use the deposition. Under these circumstances we can find no basis for holding that the trial judge committed error, much less reversible error, in ruling as he did. The rulings of a trial judge must be based upon the record then before him.

The trial judge did not abuse the discretion conferred by GCR 1963, 604. Under the circumstances of this case there was no necessity to take the testimony of the witness on a separate record.

Affirmed. Costs to appellee.

LESINSKI, C. J., and LEVIN, J., concurred.