### MIDWEST BRIDGE COMPANY *v.*
### HIGHWAY DEPARTMENT

#### OPINION OF THE COURT

1. JUDGMENT—SUMMARY JUDGMENT—MOTIONS—CONTRACTS.
   Summary judgment was properly granted where the facts were stipulated, both parties sought summary judgment, and only a question of law was involved, namely, whether on the undisputed facts defendant had breached a contract between the parties (GCR 1963, 117).

2. APPEAL AND ERROR—STATEMENT OF QUESTIONS.
   The Court of Appeals has repeatedly refused to consider issues not presented for determination by the trial court and ordinarily no point will be considered which is not set forth in or necessarily suggested by the statement of questions involved (GCR 1963, 813.1).

#### DISSENTING OPINION
#### O'HARA, J.

3. JUDGMENT—SUMMARY JUDGMENT—CONTRACTS—ISSUE OF FACT.
   *Dispute over a contract change which substituted "brush blocks" for "safety curbs" and resulted in plaintiff pouring less con-*

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4]  41 Am Jur, Pleading §§ 340–343.
[2]  5 Am Jur 2d, Appeal and Error § 545.

crete than was originally called for was not a proper case for disposition by summary judgment where plaintiff alleged that it would prove that the changes were design changes rather than quantity changes, and were governed by another section of the contract than were quantity changes.

4. JUDGMENT—SUMMARY JUDGMENT.

Courts, in deciding whether a party has stated a claim upon which relief may be granted by summary judgment, are not concerned with what a party may or may not prove at trial but rather what it alleges it will prove (GCR 1963, 117.2[1]).

Appeal from Court of Claims, William John Beer, J. Submitted Division 2 March 5, 1970, at Lansing. (Docket No. 7,268.) Decided May 27, 1970.

Complaint by Midwest Bridge Company against the State Highway Department for breach of contract. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Doyle & Smith* (*Neil L. Grossman,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Karl S. Vasiloff,* Assistant Attorneys General, for defendant.

Before: J. H. GILLIS, P. J., and DANHOF and O'HARA,* JJ.

DANHOF, J. Plaintiff sued defendants in the Court of Claims on a contract between the parties. Defendants moved for summary judgment on the

---

* Former Supreme Court Justice, sitting on Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ground that plaintiff failed to state a claim upon which relief could be granted.  GCR 1963, 117.2(1). Defendants' motion was based on the records and files and on an affidavit.  The parties stipulated as to the facts, and plaintiff concluded its brief on defendants' motion for summary judgment by requesting the court to grant summary judgment in its favor for $1,461.70, stating accurately that a separate motion therefor was unnecessary under GCR 1963, 117.3.  Plaintiff did not file any affidavits in support of its request.  The lower court granted defendants' motion for summary judgment.

On appeal plaintiff argues that the court acted outside the scope, power and policy of GCR 1963, 117.2(1) and 117.2(3), and that there was a substantial question of fact which precluded granting summary judgment under either GCR 1963, 117.2(1) or 117.2(3).  Plaintiff's arguments are without merit. This case presents a classic example of the proper use of summary judgment.  The facts were stipulated.  Both parties sought summary judgment. Only a question of law was involved, namely, whether on the undisputed facts defendant had breached the contract between the parties.

During oral argument, plaintiff's attorney argued that 1.04.05 of the Michigan State Highway Department's 1965 standard specifications for road and bridge construction should apply.  However, this was not argued in the brief filed in the Court of Claims, nor in the brief filed in the Court of Appeals. This Court has repeatedly refused to consider issues not presented for determination by the trial court.  *Haggerty* v. *MacGregor* (1968), 9 Mich App 671, 674; *Hileman* v. *Indreica* (1969), 15 Mich App 662, 668 (*leave to appeal granted,* 383 Mich 751). Also, ordinarily no point will be considered which is

not set forth in or necessarily suggested by the statement of questions involved. GCR 1963, 813.1.**

Affirmed, costs to defendants.

J. H. Gillis, P. J., concurred.

O Hara, J. (dissenting). In my view this is not a proper case for disposition by summary judgment. The stipulation of facts entered into by the parties contained the following:

"That the contract provided that petitioner supply 5,219.6 cubic yards of grade A (6AA) concrete superstructure at a unit price of $65 per cubic yard. After the construction was commenced, the Michigan State Highway Department requested a design change. That as a result of the change there was a decrease in concrete to be used of 32.2 cubic yards.

\* \* \*

"That the 1965 standard specifications for road and bridge construction are a part of the contract executed by the parties hereto."

Section 1.04.03 of the standard specifications provides in pertinent part:

"The commission reserves and shall have the right under the contract *to make increases and decreases in quantities and such changes, from time to time, in the plans, in the character of the work and the termini of the project, as may be necessary or desirable to insure the completion of the work in the most satisfactory manner.*

"Unless otherwise provided in these specifications, proposal or plans, adjustments in unit prices *for increased or decreased quantities* shall be governed by the following:

*** As amended December 7, 1966, effective March 1, 1967. See 378 Mich lxvi, lxvii.

"If the quantity of any item of work required to complete the project varies from the original estimate for said item or work by 25 per cent or less, the payment for the quantity of said item shall be made at the contract unit price."  (Emphasis supplied.)

It is conceded that plaintiff was called upon to pour approximately 0.6% less concrete than was originally called for in the contract.

In granting defendant's motion for summary judgment, the trial court ruled:

"Plaintiff bid on the basis of the unit price.  The specific contract between the state and the plaintiff—and I refer to § 1.04.03—reserves an option to the state to make adjustments upward or downward so far as the quantity of work is concerned.  The state has done that.

"Although the result might be unfair in a commercial sense to the plaintiff, because this adjustment certainly does not take into consideration the elements of the work required by the plaintiff to put out, let alone their problems of design, but there is no saving for the plaintiff in view of the contract that they entered into.

"As I read the contract and understand this stipulation of facts, the bid was made subject to the right of the state to do what they did, and the motion to dismiss is granted."

Thus the trial court adopted defendant's characterization of the change in plans as one of *quantity* only.  In light of § 1.04.03, plaintiff was deemed to have "failed to state a claim upon which relief can be granted."  GCR 1963, 117.2(1).

In its petition in the court of claims, plaintiff referred to the change in plans as a "substitution of brush blocks for safety curbs".  Defendant contends that changes of this type come within the purview of § 1.04.03 and can be made without adjustments in

unit prices. According to defendant, the unit price of $65 per cubic yard of concrete includes all work incidental to the pouring of the concrete itself, such as forming, finishing, labor and materials.

In contrast, plaintiff urges that "in the present situation, the pavement mileage in the associated length of curb was not modified, but rather its width shown in the revised plans affected a change in the *design* in the curb from a 'safety curb' to a 'brush block' structure. In this situation of a *design* change the amount of work did not change in proportion to the changed material quantity of concrete and the resulting change in unit cost to the contractor is of a character radically distinct from the change in unit cost which results from a pure decrease in quantity as contemplated by § 1.04.03. Consequently, it is urged here that the modified contract items presented in the present controversy should not have been and were not intended to be covered by the 1.04.03 section dealing with increase or decrease in quantities".

Accordingly, plaintiff contends that § 1.04.05 of the standard specifications should apply, to wit:

"Should the contractor encounter or the engineer discover, during the progress of the work, physical conditions at the site differing materially from those shown on the plans, or unknown physical conditions of a nature differing materially from those generally recognized as work of the character provided for in the contract, the engineer shall be promptly notified in writing before conditions are disturbed. The engineer will promptly investigate the conditions and if he finds that they materially differ and cause an increase or decrease in the cost or the time required for performance of the contract, an equitable adjustment will be authorized. *Unless such alterations and increases or decreases materially change the character of the work or the cost thereof, the altered*

*work will be paid for at the contract unit prices.
If, however, the character of the work or the unit
costs thereof are materially changed, an allowance
will be made on such basis as is agreed to in advance
of the performance of the work. In case no such
basis is agreed upon, the work shall proceed as spec-
ified under control of the work, 1.05.13.* Any ad-
justment in the contract time because of such change
or alteration will be made as specified under prosecu-
tion and progress, § 1.08.06." (Emphasis supplied.)

In granting defendant's motion for summary judg-
ment, the trial court erred. Plaintiff alleged that it
would prove that the change was not merely one of
*quantity,* governed solely by § 1.04.03, but one of
*design,* governed by § 1.04.05. Assuming plaintiff's
proofs upon trial to be sufficient, plaintiff has stated
a claim upon which relief may be granted. In decid-
ing whether a party has stated a claim upon which
relief may be granted under GCR 1963, 117.2(1),
courts are not concerned with what the party may
or may not prove at trial but rather what it alleges
it will prove. *Dunnan & Jeffrey, Inc.* v. *Gross Tele-
casting, Inc.* (1967), 7 Mich App 113.

As noted in the stipulation of facts, the standard
specifications for road and bridge construction were
made a part of the contract between the parties in
their entirety. As a consequence, the efficacy of those
specifications has been a factor from the inception
of this action. It cannot be said that plaintiff's reli-
ance on § 1.04.05 on appeal is untimely. Plaintiff's
petition in the court of claims challenged the appli-
cability of § 1.04.03 to the specific work changes in
this case. While § 1.04.05 was not specifically set
out in the stipulation of facts, it was a part of the
contract and the parties expressly reserved the
"right to introduce other evidence not inconsistent
with the facts herein stipulated". Plaintiff is en-

titled to introduce proof in support of its position on the factual issue of which of the provisions of the standard specifications for road and bridge construction controls. The learned trial judge concluded as a matter of law that § 1.04.03 was dispositive. Such legal conclusion on a fact issue was in my view impermissible.

The summary judgment should be vacated and the cause remanded for further proceedings not inconsistent with this opinion.